# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT VILLA, | CASE NO. 1:11-cv–001080-BAM PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| F. GONZALEZ, et al., | (ECF No. 1) |
| Defendants. | THIRTY-DAY DEADLINE |

## I.  Screening Requirement

Plaintiff Robert Villa is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is the complaint, filed June 30, 2011. (ECF No. 1.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)).

1    Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678-79, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949; Moss, 572 F.3d at 969.

Further, under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555, 127 S. Ct. 1955).

**II.    Complaint Allegations**

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and is incarcerated at the California Correctional Institution ("CCI"), Tehachapi. Plaintiff brings this action against Warden F. Gonzalez, Chief Deputy Warden K. Holland, Chief Medical Officer A. Joaquin, Chief of Prison Health Care Services Office of Third Level Appeals N. Warren, Chief Physician S. Shiesha, Dr. M. Garikaparthi, Dr. M. Vu, and LVN D. Davidson alleging deliberate indifference to serious medical needs in violation of the Eighth Amendment. (Compl. ¶¶ 2, 5, ECF No. 1.)

On May 21, 2010, Plaintiff was transferred from Centinela State Prison to CCI. Prior to being transferred, Plaintiff had x-rays taken of his lower back and never received the results. (Id. at ¶ 6.) On June 2, 2010, Plaintiff explained to Defendant Vu about his chronic back problems and Defendant Vu ordered x-rays and ibuprofen. (Id. at ¶ 7.) Plaintiff's back pain continued to get worse and he eventually lost all function in his legs. (Id. at ¶ 9.)

On July 20, 2010,[1] Plaintiff was seen by Defendant Grikaparthi. Defendant Grikaparthi prescribed Indomethacin and ordered x-rays because Defendant Vu had not ordered them. (Id. at ¶ 11.) Plaintiff's x-rays were taken on July 27, 2010, and the x-ray technician told the escorting officers that Plaintiff had a back fracture and other inconsistencies. (Id. at ¶ 13.) On August 17, 2010, Defendant Garikaparthi stated nothing was wrong and reissued Indomethacin. (Id. at ¶ 14.) Plaintiff explained to Defendant Garikaparthi that he had a tingling sensation and numbness in his feet and his lower back was in constant pain. (Id. at ¶ 15.) Defendants Davidson, Shiesha, and Warren denied Plaintiff's inmate appeal. (Id. at ¶ 26.)

Plaintiff alleges that Defendants Joaquin, Shiesha, Garikaparthi, Vu, and Davidson refused to conduct a proper physical examination of Plaintiff in a timely manner or order proper medication for Plaintiff's pain. (Id. at ¶¶ 19, 20.)

For the reasons set forth below, Plaintiff has failed to state a cognizable claim for relief. Plaintiff shall be given the opportunity to file an amended complaint curing the deficiencies described by the Court in this order. In the paragraphs that follow, the Court will provide Plaintiff with the legal standards that appear to apply to his claims. Plaintiff should carefully review the standards and amend only those claims that he believes, in good faith, are cognizable.

**III.    Discussion**

  **A.    Linkage Requirement**

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones, 297 F.3d at 934. To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Iqbal, 129 S. Ct. at 1949; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.

---

[1] In the complaint this date is stated as July 20, 2012, however, since Plaintiff's complaint was filed on June 30, 2011, and based upon the chronology of events set forth in the complaint, the Court assumes this visit occurred in 2010.

Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 129 S. Ct. at 1948-49; Simmons, 609 F.3d at 1020-21; Ewing, 588 F.3d at 1235; Jones, 297 F.3d at 934. Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

Additionally, Plaintiff may not bring suit against Defendants in their official capacity. "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007). In other words, Plaintiff cannot state a claim because the defendant is in a supervisory position at the prison. To state a claim, Plaintiff must set forth sufficient factual detail to show that the defendant personally participated in the violation of his constitutional rights.

### B. Deliberate Indifference to Medical Needs

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show "deliberate indifference to serious medical needs."" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096.

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. Simmons v. Navajo County, Arizona, 609 F.3d 1011, 1018 (9th Cir. 2010). "Deliberate indifference is a high legal standard." Simmons, 609 F.3d at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer v. Brennan, 511 U.S. 825, 837, 114 S. Ct. 1970, 1979 (1994).

Plaintiff's complaint fails to allege sufficient facts to show that any named defendant was aware that he had a serious medical condition and failed to adequately respond. Plaintiff's allegation that a defendant should have known is not sufficient to state a claim. In order for a defendant to be liable, the defendant must act with the requisite state of mind which requires that the defendant be aware of the serious medical need.

### 1.   Defendant Vu

After examining Plaintiff, Defendant Vu ordered x-rays and ibuprophen. Although Plaintiff states that he explained his chronic back problems, this is insufficient to show that Defendant Vu did not provide adequate treatment of Plaintiff's problem. To the extent that Plaintiff attempts to state a claim based on the failure to receive x-rays after he saw Defendant Vu, there are no factual allegations in the complaint to show that Defendant Vu was aware that the x-rays had not been ordered or that Plaintiff was at a risk of harm from the failure to receive the x-rays. Plaintiff fails to state a cognizable claim against Defendant Vu.

### 2.   Defendant Grikaparthi

Plaintiff was seen by Defendant Grikaparthi on two occasions. On the first occasion, x-rays were ordered because they had not yet been taken. A week later, Plaintiff had his x-rays taken. At both visits Defendant Grikaparthi prescribed Indomethacin for pain. While Plaintiff alleges that the x-ray technician told the escorting officers that he saw problems with the x-rays, the complaint is devoid of any factual allegations to show that Defendant Grikaparthi was aware of the results of the x-rays or that the actual results of the x-rays indicated the problems that the technician thought he saw. Further, while Plaintiff states that he informed Defendant Grikaparthi that he had a tingling sensation and numbness in his feet and his lower back was in constant pain, there is nothing to indicate that Defendant Grikaparthi was aware that Indomethacin was not adequate to treat Plaintiff's complaints. Plaintiff fails to state a claim against Defendant Grikaparthi.

### 3.   Defendants Davidson, Shiesha, and Warren

Plaintiff's allegation that Defendants Davidson, Shiesha, and Warren denied his inmate appeal fails to state a cognizable claim. The prison grievance procedure does not confer any substantive rights upon inmates and actions in reviewing appeals cannot serve as a basis for liability

5

under section 1983. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993). Plaintiff fails to set forth sufficient factual allegations to show that Defendants Davidson, Shiesha, and Warren were aware that he had a serious medical condition or that he was not receiving adequate treatment.

### 4. Defendants Gonzalez, Holland, and Joaquin

Plaintiff brings this action against Warden F. Gonzalez, Chief Deputy Warden K. Holland, and Chief Medical Officer A. Joaquin, however the complaint is devoid of any factual allegations against these defendant. Plaintiff fails to state a cognizable claim against Defendant Gonzalez, Holland, or Joaquin.

## IV. Conclusion and Order

For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for a violation of his constitutional rights. Plaintiff is granted leave to file an amended complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S. Ct. at 1948-49. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

///

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed June 30, 2011, is dismissed for failure to state a claim upon which relief may be granted under section 1983;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated: July 30, 2012          /s/ Barbara A. McAuliffe
                              UNITED STATES MAGISTRATE JUDGE