# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT VILLA, | 1:11-cv-01080-LJO-BAM (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION TO DISMISS (ECF No. 29) |
| v. | |
| F. GONZALEZ, et al., | |
| Defendants. | FOURTEEN-DAY DEADLINE |

### Findings and Recommendations

**I.     Procedural History**

Plaintiff Robert Villa ("Plaintiff"), a former state prisoner currently housed in the Riverside County Jail, is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on June 30, 2011. (ECF No. 1.) Following screening, this action currently proceeds on Plaintiff's first amended complaint against Defendants Garikaparthi, Vu, Joaquin, and Shiesha for deliberate indifference to serious medical needs in violation of the Eighth Amendment.

On January 7, 2013, Defendants Garikaparthi, Vu, Joaquin and Shiesha filed an answer to the complaint. (ECF No. 16.) On September 11, 2013, the Court issued a Discovery and Scheduling Order. Pursuant to that order, discovery in this matter closed on May 11, 2014, and the dispositive motion deadline expired on July 21, 2014. (ECF No. 21.)

On July 11, 2014, Defendants filed the instant motion to dismiss this action with prejudice for failure to prosecute, or to vacate and reset the Discovery and Scheduling Order. (ECF No. 29.) On August 8, 2014, the Court issued an order directing Plaintiff to file an opposition or statement of non-opposition within twenty-one (21) days. (ECF No. 30.) On August 29, 2014, Plaintiff filed an opposition to the motion to dismiss. (ECF No. 32.) The motion is deemed submitted. Local Rule 230(l).

As discussed below, the Court recommends that Defendants' motion to dismiss this action be denied and that Defendants' motion to vacate and reset the Discovery and Scheduling Order be granted.

## II. Defendants' Motion to Dismiss for Failure to Prosecute

Defendants move to dismiss this action with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 183(b). In the alternative, Defendants move to vacate the existing Discovery and Scheduling Order and adopt a new Discovery and Scheduling Order. (ECF No. 29, pp. 1-2.)

### A. Legal Standard – Involuntary Dismissal

Federal Rule of Civil Procedure 41(b) provides that a defendant may move to dismiss the action "if the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130-33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).

### B.     Discussion

#### 1.  Defendants' Position

Defendants contend that Plaintiff's failure to apprise Defendants of his mailing address warrants dismissal of this action for failure to prosecute. Defendants report that they served written discovery to Plaintiff on January 30, 2014. (ECF No. 29, Feser Dec. ¶¶ 2-6.) The discovery was served on Plaintiff's last known address, which was provided on December 11, 2013. (ECF No. 25.) Defendants declare that the United States Postal Service returned the envelope containing the discovery to defense counsel with a stamp and sticker stating "Return to Sender." (ECF No. 29-1, Ex. F to Feser Dec.) Defendants assert that Plaintiff's failure to provide a proper address for service of documents prevented them from conducting any discovery prior to expiration of the discovery deadline.

Defendants argue that Plaintiff failed to comply with the Court's First Informational Order, which states, in relevant part, "A pro se plaintiff has an affirmative duty to keep the court and opposing parties apprised of his or her address. Local Rule 182(f)." (ECF No. 2, ¶ 11.) Defendants further argue that Plaintiff failed to comply with Local Rule 183(b), which provides:

> **Address Changes.** A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

Local Rule 183(b).

///

///

3

2. Plaintiff's Position

Plaintiff responds that he was released from custody on July 8, 2014, and before he could notify the Court and Defendants of his new address, he was rearrested and in custody in Riverside County on August 10, 2014.  Plaintiff reports that he did not receive any discovery from Defendants prior to his release.

Plaintiff has filed a notice of change of address, which indicates he is currently housed at the Riverside County Jail.  Plaintiff requests that the Court consider his situation and not dismiss this action.

3. Analysis

According the record before the Court, discovery was served on Plaintiff on January 30, 2014, at 30755 B-Auld Road, Murrieta, California  92563.  This address corresponds with the Southwest Detention Center in Riverside County.  The return mail envelope containing discovery states, "Return to Sender," and is marked "Not in Custody."  (ECF No. 29-1, Ex. F.)  However, Plaintiff's opposition suggests that he remained at the Southwest Detention Center until July 8, 2014.  Following release, and before he could update his address, Plaintiff was rearrested on August 10, 2014, and is currently housed at the Riverside County Jail.

There is no indication as to why Plaintiff would not have received discovery while he remained in custody at the Southwest Detention Center, why the returned envelope indicated that Plaintiff was no longer in custody or why Plaintiff could not have updated his address following his release—whenever it may have occurred.  Nonetheless, as Plaintiff has provided a current mailing address, the Court finds that the public policy favoring disposition of cases on their merits outweighs the other relevant factors when considering whether to dismiss this action for failure to prosecute.  <u>Henderson</u>, 779 F.2d at 1423.  Any prejudice to defendants from the inability to conduct discovery and the related delay will be minimized by granting their request to issue a new Discovery and Scheduling Order.  Accordingly, it is recommended that an Amended Discovery and Scheduling Order be issued upon adoption of these Findings and Recommendations.

**III.     Conclusion and Recommendations**

For the reasons set forth above, the Court HEREBY RECOMMENDS that Defendants' motion to dismiss, filed on July 11, 2014, be DENIED IN PART and GRANTED IN PART as follows:

1. Defendants' motion to dismiss this action with prejudice for failure to prosecute be DENIED; and
2. Defendants' alternative motion to vacate and reset the Discovery and Scheduling Order be GRANTED; and
3. An Amended Discovery and Scheduling Order be ISSUED following adoption of the Findings and Recommendations.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  Wilkerson v. Wheeler, __ F.3d __, __, No. 11-17911, 2014 WL 6435497, at *3 (9th Cir. Nov. 18, 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 2, 2014**                    /s/ Barbara A. McAuliffe
                                                                        UNITED STATES MAGISTRATE JUDGE