# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT VILLA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>F. GONZALEZ, et al.,<br><br>　　　　Defendants. | Case No. 1:11-cv-01080-LJO-BAM (PC)<br><br>ORDER VACATING FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION TO DISMISS (ECF No. 29)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE<br><br>FOURTEEN-DAY DEADLINE |

**I.　　Background**

Plaintiff Robert Villa, a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 30, 2011. Following screening, this action proceeded against Defendants Garikaparthi, Vue, Joaquin, and Shiesha for deliberate indifference to serious medical needs in violation of the Eighth Amendment.

On July 11, 2014, Defendants file a motion to dismiss this action with prejudice for failure to prosecute, or to vacate and reset the Discovery and Scheduling Order. Plaintiff filed an opposition on August 29, 2014.

On December 3, 2014, the Court issued Findings and Recommendations that Defendants' motion to dismiss be granted in part and denied in part. Specifically, the Court recommended that Defendants' motion to dismiss this action with prejudice for failure to prosecute be denied and

Defendants' alternative motion to vacate and reset the Discovery and Scheduling Order be granted. The Findings and Recommendations served on Plaintiff were returned by the United State Postal Service as undeliverable, "Not in Custody" on December 11, 2014.

## II.     Discussion

Plaintiff is required to keep the Court apprised of his current address at all times. Local Rule 183(b) provides:

> **Address Changes.** A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

Federal Rule of Civil Procedure 41(b) also provides for dismissal of an action for failure to prosecute.[1]

According to the Court's docket, Plaintiff's address change was due no later than February 20, 2015. Plaintiff has failed to file a change of address and he has not otherwise been in contact with the Court. "In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks and citation omitted); accord Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010); In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. In re PPA, 460 F.3d at 1226 (citation omitted).

This case has been pending since 2011, and the expeditious resolution of litigation and the Court's need to manage its docket weigh in favor of dismissal. Id. at 1227. More importantly, given the Court's inability to communicate with Plaintiff, there are no other reasonable

---

[1] Courts may dismiss actions sua sponte under Rule 41(b) based on the plaintiff's failure to prosecute. Hells Canyon Preservation Council v. U. S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (citation omitted).

alternatives available to address Plaintiff's failure to prosecute this action and his failure to apprise the Court of his current address. *In re PPA,* 460 F.3d at 1228-29; *Carey*, 856 F.2d at 1441. The Court will therefore recommend that this action be dismissed based on Plaintiff's failure to prosecute this action. Additionally, the pending Findings and Recommendations regarding Defendants' motion to dismiss will be vacated.

### III.     Conclusion, Order and Recommendation

For the reasons stated, it is HEREBY ORDERED that the Findings and Recommendations issued on December 3, 2014, regarding Defendants' motion to dismiss are VACATED. Further, it is HEREBY RECOMMENDED that this action be dismissed, without prejudice, based on Plaintiff's failure to prosecute. Fed. R. Civ. P. 41(b); Local Rule 183(b).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:     **March 2, 2015**                            /s/ *Barbara A. McAuliffe*
                                                                UNITED STATES MAGISTRATE JUDGE